NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLON RUDY SIBRIAN, AKA Jairo Artega, AKA Marlin Rudy Sibrian, AKA Marlon Sibrian, AKA Marlon R. Sibrian, AKA Marlon Willy Sibrian, AKA Skinny Sibrian,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    18-71993

Agency No. A095-721-224

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2022
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,** District Judge.
Partial Dissent by Judge BRESS

Petitioner Marlon Rudy Sibrian ("Sibrian"), a citizen of El Salvador, seeks

review of a Board of Immigration Appeals ("BIA") decision affirming the order of

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

an Immigration Judge ("IJ") finding him ineligible for cancellation of removal and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we do not recount them here.

In his petition in this court, Sibrian argued that the Department of Homeland Security ("DHS") failed to identify indicia of mental illness or share information about his mental illness with the IJ, in alleged violation of the injunction in *Franco-Gonzalez v. Holder*, No. CV–10–02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). The government's response suggested that Sibrian failed to exhaust his due process claim. The government's contention runs contrary to the rationale of *Franco-Gonzalez*, which does not rely on potentially mentally ill detainees to raise their own mental health concerns, but instead requires DHS to routinely screen detainees for mental illness.

After the government disclosed during oral argument that it believed it had complied with *Franco-Gonzalez*, we requested that the government provide supplemental excerpts of the record demonstrating its compliance, and it did so. We have carefully reviewed the government's filing and conclude there is no basis

2

to believe the government failed to adhere to *Franco-Gonzalez*, or that Sibrian suffered from sufficiently severe mental illness. We do not now decide how an exhaustion analysis could differ in a future situation in which a petitioner suffers from mental illness and the government fails to comply with *Franco-Gonzalez*. Because the record in this case shows that Sibrian's mental health issues did not go unaddressed at the administrative level and the *Franco-Gonzalez* screening process functioned as intended, Sibrian's claims relating to his mental health are denied.[1] The IJ's decision to deny Sibrian's applications for asylum, withholding of removal, and relief under CAT is supported by substantial evidence.

In addition, Sibrian petitioned for relief from the IJ's order finding him ineligible for cancellation of removal. Sibrian's appeal is foreclosed by this Court's decision in *Silva v. Garland*, 993 F.3d 705, 717 (9th Cir. 2021), which affirmed that a violation of California Penal Code § 484(a) constitutes a crime involving moral turpitude, rendering Sibrian ineligible for cancellation of removal based on his two prior convictions for violating California Penal Code § 484(a). *See* 8 U.S.C. § 1229b(a); 8 U.S.C. § 1227(a)(2).

**PETITION FOR REVIEW DENIED.**

---

[1] In light of our request for the government to provide supplemental excerpts of the record demonstrating the government's compliance with *Franco-Gonzalez*, we deny as moot the government's motion to strike documents attached to Sibrian's pro se reply on the grounds that the documents were not part of the administrative record.

*Sibrian v. Garland*, No. 18-71993

BRESS, Circuit Judge, dissenting in part:

I part ways with the majority only as to Sibrian's due process claim. Rather than deny it, I would dismiss this aspect of the petition for lack of jurisdiction.

Under 8 U.S.C. § 1252(d), we lack jurisdiction over issues that a petitioner did not exhaust before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). A failure to exhaust may be excused only when resort to the agency would have been futile. *Sun v. Ashcroft*, 370 F.3d 932, 942 (9th Cir. 2004). Here, Sibrian did not raise before the IJ or BIA any claims relating to his alleged mental illness. Even if there could be some circumstances in which a severely mentally ill petitioner who did not receive the benefit of the injunction in *Franco-Gonzalez v. Holder*, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014), may not be required to exhaust issues of mental health before the agency, Sibrian has not demonstrated that he was unable to raise competency issues before the IJ or BIA. Section 1252(d)'s exhaustion requirement should therefore continue to apply. I would thus dismiss Sibrian's unexhausted due process challenge for lack of jurisdiction.